UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DIANE M. ARD, AS EXECUTRIX :
FOR THE ESTATE OF ROBERT J. :
ARD, JR. :
　　　　　　　　　　　　　　　　　　　 :
　　　　　V.　　　　　　　　　　　　: CIV. NO. 3:04CV2155 (JCH)
　　　　　　　　　　　　　　　　　　　 :
METRO-NORTH RAILROAD COMPANY :

DISCOVERY RULING AND ORDER

On November 15, 2005, plaintiff filed a motion to compel answers to Interrogatories 2, 3, 4, 6, 9, 10, 11, 13, 14, 15, 16, 17, and 18. [Doc. #21]. The plaintiff also moved to compel production responses to Requests 1, 3, 4, 5, 8, 13, 14, 16, 22, 23, 27, and 29. [Doc. #21]. On December 12, 2005, the defendant objected to plaintiff's motion to compel. [Doc. #26]. Oral argument was held on January 18, 2006. At the outset of the hearing, plaintiff's counsel represented to the Court that the plaintiff would not be pursuing her motion with respect to Interrogatories 2, 10, 13, 15 and production Request 8. During the hearing, defense counsel agreed to provide an answer to Interrogatory 14, and withdrew its objections to production Requests 4, 5.

For the reasons that follow, plaintiff's motion to compel [Doc. #21] is **GRANTED in part and DENIED in part**.

I. **Factual Background**

In the interrogatories and requests for production, the plaintiff seeks various information including, but not limited

to: measurements from the railroad track(s) to various objects; information regarding the different location(s) of the train on the date of the accident; an answer as to whether certain cars cleared the L1/L2 switch; an explanation as to how certain measurements were made; the speed of the train in certain locations at specific times; and the names and activities of crew members working on the day of the accident. Defendant objected to providing these answers to interrogatories and/or responses to document requests on various grounds, including allegations that the discovery was overly broad, unduly burdensome, vague, and repetitive. In some instances, despite the objection, the defendant did provide partial answers or, alternatively, directed the plaintiff to various documents and deposition testimonies. However, the defendant never filed sworn answers, under oath, to plaintiff's interrogatories nor filed complete responses to the requests for production.

## II. Discussion

Fed. R. Civ. P. 33(d) permits, in lieu of an answer to an interrogatory, the responding party to refer the requesting party to business records if the burden of gleaning the information sought is "substantially the same" for both parties.

The defendant argued that since it referred plaintiff to various documents in accordance with Rule 33(d), the discovery responses were adequate. Plaintiff's counsel alleged that, after reviewing the documents produced, counsel is still unable to ascertain the exact information necessary to provide complete

answers to the interrogatories and requests at issue. In fact, plaintiff's counsel alleges that, at times, the documents referenced by defendant contain conflicting information.

While the documents produced to plaintiff are alleged to contain the information sought, it is unclear whether the information is reasonably identifiable by the plaintiff. Additionally, at the hearing, defense counsel quite ably read to the court, from various documents, answers in response to the disputed interrogatories. As defense counsel apparently knows, or can readily discover, the information sought, there appears to be no valid reason why the defendant cannot place such information in answer format, sworn to under oath. Moreover, the requested information does not appear overly broad. Instead, the discovery requested appears to be a valid attempt to narrow the information, facts, and issues for trial. The Court finds that the defendant can provide this information without creating an undue burden on it.

The requested discovery is particularly within defendant's competence, and plaintiff should not be required to guess, at her peril, as to the answers to interrogatories and responses to document requests by perusing documents which may or may not contain the necessary information. Accordingly, the court orders defendant to provide answers, under oath, to the following interrogatories:

## Plaintiff's Interrogatories

**Interrogatory 3**: Defendant shall answer whether the eight cars pulled off of Track 22 cleared the L1/L2 switch and shall state the facts on which defendant relies in answering this interrogatory.

**Interrogatory 4**: Defendant shall describe how it was determined that the cars moved an extra 109' east and who made said calculation.

**Interrogatory 6**: Defendant shall provide the distance from the Sy16B marker to the L1/L2 switch points.

**Interrogatory 9**: Defendant shall provide the speed and distance of the train, at the lowest time interval possible, for the four minute period from 00:30:49 to 00:34:34 on March 10, 2004.

**Interrogatory 11**: Defendant shall provide a list of all employees monitoring Channel 1, and identify all individuals, known to defendant, who heard the instructions communicated on this channel.

**Interrogatory 16**: After an explanation was provided by plaintiff's counsel as to the meaning of this interrogatory, defendant shall provide the distance from the switch points of the L1/L2 switch to the west coupler of the 6th car pulled out of Track 20, together with the facts relied on to obtain this distance.

**Interrogatory 17**:   Defendant shall provide, if possible, the exact location of the front and rear of the train when it last stopped prior to hitting Mr. Ard.  If defendant does not know this location, the defendant shall state so in a sworn answer.

**Interrogatory 18**:   Defendant shall provide, as specifically as possible, Mr. Ard's location on the tracks when struck by the train.  The defendant shall also state how this point of impact was determined.

### Plaintiff's Request for Production of Documents

In addition to providing answers to the above interrogatories, the Court also orders the defendant to provide responses to the following discovery requests:

**Request 1**:   Defendant shall provide all tabular and graphical printouts from all download event recorders in the smallest time resolution possible.  If the documents already provided are in the smallest time resolution, defendant shall state this in response to the request.

**Request 3**:   In order to have an expert analyze the graphical printouts, plaintiff requested copies of all event recorder software and user manuals.  Defendant objected to providing this material on the ground that the manuals are proprietary intellectual property.  The Court finds that the plaintiff is entitled to have her expert(s) examine these

manuals, and that a protective order, limiting use of the manuals, as well as the information contained therein, will protect all intellectual property interests claimed by defendant. A protective order regarding these manuals has been entered by the Court. The defendants need not produce the actual software.

**Requests 14 and 27**: Defendant shall provide plaintiff with copies of all bulletins, notices, special instructions, track warrants, and/or orders issued on the day of the accident regarding the track, area, or crew. If no documents exist, the defendant shall state this in the response. Defendant shall also provide all rules, regulations, orders, instructions, customs, and practices governing Mr. Ard's craft on the day of the incident. If defendant believes that the only rules governing Mr. Ard are the Operation and Safety Rules previously provided, it shall state this in its response.

**Request 16**: Defendant shall provide copies of all files maintained by any trainmaster or supervisor, with respect to Mr. Ard's death. If the defendant does not have any documents responsive to this request, it shall state that no documents responsive to this request exist.

**Request 22**: Defendant claims that there were no defects or repairs to any of the equipment involved in this accident. Defendant has agreed to state this response in an amended answer to the request.

**Request 23**:    Defendant has agreed to reproduce clearer photographs of the scene, as well as provide copies of the autopsy photographs.  Defendant shall produce all maps and diagrams of the scene of the accident.  If defendant does not possess any maps or diagrams of the scene, it shall state so in response to this request.

**Request 29**:    In this request, plaintiff seeks production of all FRA Regulations that govern the procedure and rules for the movement of trains in any manner similar to the train movement involved on the day of this accident.  Defendant objected to this request stating that the regulations are public documents equally available to the plaintiff.  The Court agrees that the FRA regulations are public documents available to the plaintiff.  Therefore, the Court sustains defendant's objection to this request.  However, the defendant is ordered to provide a listing to the plaintiff as to which FRA Regulations govern the type of train movement utilized on the day of this accident.

## Defendant's Continuing Duty to Supplement

Pursuant to Fed. R. Civ. P. 26(e), parties have an ongoing obligation to supplement answers to discovery responses. Specifically, Rule 26(e) provides:

> A party who has ... responded to a request for discovery with a disclosure or response is under a duty to supplement or correct the disclosure or response to include information thereafter acquired if ordered by the court ...

Although the defendant has objected to the interrogatories

7

and requests for production, the Court finds that the requested discovery is not unduly burdensome, overly broad, repetitive, vague, improper in form, or unclear, and therefore, overrules the objections. The Court orders that, under Rule 26(e), the defendant has a continuing duty to supplement all of its answers to interrogatories and responses to requests for production.

## Plaintiff's Motion for Costs

Finally, pursuant to Fed. R. Civ. P. 37(a)(4), the plaintiff moved for reasonable costs, and attorney's fees, associated with filing the motion to compel. The Court finds, however, that the parties made various attempts to settle their discovery disputes at several Rule 37 conferences. Additionally, the defendant did provide much of the sought information, albeit not in answer format, through document production. As there was a "good faith effort to eliminate or reduce the area of controversy", costs will not be awarded at this time. D. Conn. L. Civ. R. 37(a)(2).

The parties are cautioned that any further delay in discovery will not be tolerated. Future objections raised without good cause will not be considered. See D. Conn. L. Civ. R. 37(a)(4). Failure to comply with this ruling and order may subject the non-complying party to sanctions including, but not limited to, attorneys' fees, costs, and other appropriate sanctions. See Fed. R. Civ. P. 37.

As discovery is scheduled to close on March 30, 2006, defendant must provide the supplemental answers to

interrogatories and responses to requests for production on or before **Friday, February 17, 2006.**

This is not a recommended ruling. This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at Bridgeport this 31 day of January, 2006.

HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE